UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES TOLSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-780 JD |
|  | ) |  |
| BRYAN MICHAUD, et. al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

James Tolson, a *pro se* prisoner, filed a complaint against Wabash County Deputy Prosecutor Bryan Michaud and Wabash County Superior Court Judge Christopher Golf[1] as a result of his probation being revoked. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

In 2015, Tolson was serving a term of supervised release arising out of his federal criminal case in *United States v. Tolson*, Case No. 3:12-cr-52 (N.D. Ind. filed on May 9, 2012). ECF 1 at 5. During that time, he was arrested and charged with operating a motor vehicle as a habitual violator and resisting law enforcement. ECF 1 at 4. He pled guilty

---

[1]The court assumes Tolson intended to name former Wabash Superior Court Judge Christopher Goff, who is now a justice of the Indiana Supreme Court.

1

to those offenses in the Wabash County Superior Court on October 15, 2015, and was given a term of probation that was to run consecutive to his term of federal supervised release. Id. His term of probation was not scheduled to start until March 23, 2018, the date his federal probation was scheduled to conclude.

On May 11, 2016, Tolson was again arrested. On August 18, 2016, Deputy Prosecutor Michaud moved to revoke his probation based on the May 2016 arrest. In response, Tolson filed a motion to dismiss arguing that his term of probation had not yet begun. Judge Golf disagreed with Tolson, denied the motion to dismiss and revoked his probation. Tolson now sues for money damages because he believes "that Judge Christopher Golf and Bryan Michaud are violating my rights to set me up by breaking the law to enforce the law." ECF 1 at 6.

Tolson's claims cannot proceed. The judge and prosecutor are entitled to immunity for their actions taken in revoking Tolson's probation in his criminal case, even if Tolson believes they acted improperly. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks, footnote, and citation omitted). Here, Judge Golf had jurisdiction to preside over the revocation of Tolson's probation and, therefore, he had judicial immunity. The claim against the

prosecutor is barred by immunity as well. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)).

To the extent there is any claim in the complaint that could survive the immunity hurdle, it would be precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in any event. In *Heck*, the Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87; *see also Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 2001) (observing that *Heck* applies to a civil rights suit premised on the invalidity of confinement pursuant to "some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Tolson does not allege, nor can it be plausibly inferred, that the court's order revoking his probation has been vacated on appeal, set aside, or otherwise called into question. Unless and until that occurs, Tolson cannot pursue a claim that would undermine the validity of the probation revocation proceeding.

Finally, though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 21, 2018.

    /s/JON E. DEGUILIO  
Judge  
United States District Court